# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### 1:10cv127

| | | |
|---|---|---|
| **JOSIAH JACOB DEYTON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **ALVIN W. KELLER, Secretary of** | ) | |
| **the North Carolina Department** | ) | |
| **of Correction; and LANDER** | ) | |
| **CORPENING, Superintendent of** | ) | |
| **Foothills Correctional Institution,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on petitioner's Application to Proceed *In Forma Pauperis* (#2) and Motion to Hold Federal Habeas Proceedings in Abeyance (#3). Petitioner is represented by counsel.

## I. *In Forma Pauperis* Application

The court has closely reviewed petitioner's verified Application to Proceed *in Forma Pauperis*, which includes a record of his prisoner trust account for the past six months. See 28 U.S.C. § 1915(a)(2). While neither average monthly deposits nor average monthly balances are set forth in such records, see 28 U.S.C. § 1915(b)(1)(A)-(B), it appears from a review of the entirety of such record that petitioner has only

received very modest deposits to his account, that he has made equally modest withdraws from such account primarily in the canteen, and that he presently has 9 cents in such account. Further, there is no evidence in such accounting that the petitioner has intentionally drawn down his trust account in anticipation of this application. It appearing to the court, and the court finding as a fact from the application and affidavit submitted, that petitioner is unable to make prepayment of the fees or costs or provide security therefor, the application will be allowed.

## II.    Motion to Stay Proceedings

Petitioner next seeks to stay these proceedings, contending that he has recently filed in the North Carolina Supreme Court a petition for *writ of certiorari* in which he asserts the same legal contention asserted in this federal petition.   He contends that because this action is subject to a one-year statute of limitations under Section 2244(d)(1), and because he is required to exhaust all his state remedies before bringing this action as required under Section 2254(b)(1)(A), he has as "[t]he Supreme Court has suggested" filed this petition as a "'protective' petition in federal court and request[s] that it be held in abeyance." Motion, at 3.   In relevant part, the Supreme Court held as follows:

> A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal *habeas* proceedings until state remedies are exhausted. *See Rhines v. Weber, ante*,

544 U.S., at 278, 125 S.Ct. 1528, 1531, 161 L.Ed.2d 440 (2005). A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court. *Ibid*. ("[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics," then the district court likely "should stay, rather than dismiss, the mixed petition").

Pace v. DiGuglielmo, 544 U.S. 408, 416-417 (2005).  While such decision appears to be clear, the court will afford respondents, by and through the Attorney General of the State of North Carolina, an opportunity to file a brief in response to the Motion to Stay before the court considers the merits of such motion.  In the interim, the court will stay respondents' obligation to Answer the petition until such time as the Motion to Stay is resolved or any stay thereinafter allowed is lifted.[1]

## ORDER

**IT IS, THEREFORE, ORDERED** that petitioner's application to proceed *in forma pauperis* (#2) be, and the same is hereby, **ALLOWED**, and petitioner is hereby permitted to file and prosecute said action to its conclusion without prepayment of either fees or costs and without providing security therefor.

**IT IS FURTHER ORDERED** that all process issued in connection with this action shall be served by the United States Marshal at the expense of the United States

---

[1] The court will, of course, afford the respondents a reasonable period of time to so Answer or otherwise respond after such issue is resolved.

Government.

**IT IS FURTHER ORDERED** that consideration of petitioner's Motion to Hold

Federal *Habeas* Proceedings in Abeyance (#3) is deferred pending the filing by the

respondents, by and through the Attorney General of North Carolina, of a **RESPONSE**

to such motion. Pending resolution of such motion, respondents are relieved from

answering or otherwise responding to the petition unless and until directed to do so by

this court. The Attorney General is respectfully instructed to file his response to the

Motion to Hold Federal *Habeas* Proceedings in Abeyance (#3) not later than July 30,

2010, and petitioner is allowed through August 10, 2010, to file a reply.

* * *

The Clerk of this court is respectfully instructed to send a service package to the

United States Marshal for service forthwith, and include therein (in addition to the

petition and other documents for service), a copy of petitioner's Motion to Hold

Federal Habeas Proceedings in Abeyance (#3) and this Order.

Signed: July 1, 2010

Dennis L. Howell
United States Magistrate Judge