**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:10cv127, 1:10cv128, and 1:10cv129**

| | |
|---|---|
| **JOSIAH JACOB DAYTON,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **Vs.** | ) |
| | ) |
| **ALVIN W. KELLER, Secretary of** | ) |
| **the North Carolina Department** | ) |
| **of Correction; and LANDER** | ) |
| **CORPENING, Superintendent of** | ) |
| **Foothills Correctional Institution,** | ) |
| | ) |
| **Respondents.** | ) |
| _____ | ) |
| | |
| **ANDREW RYAN DAYTON,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **Vs.** | )           **ORDER** |
| | ) |
| **ALVIN W. KELLER, Secretary of** | ) |
| **the North Carolina Department** | ) |
| **of Correction; and LANDER** | ) |
| **CORPENING, Superintendent of** | ) |
| **Foothills Correctional Institution,** | ) |
| | ) |
| **Respondents.** | ) |
| _____ | ) |

**JONATHAN NEIL KONIAK,**                )

|                                          | )  |
| ---------------------------------------- | -- |
| **Petitioner,**                          | )  |
|                                          | )  |
| **Vs.**                                  | )  |
|                                          | )  |
| **ALVIN W. KELLER, Secretary of**        | )  |
| **the North Carolina Department**        | )  |
| **of Correction; and LANDER**            | )  |
| **CORPENING, Superintendent of**         | )  |
| **Foothills Correctional Institution,**  | )  |
|                                          | )  |
| **Respondents.**                         | )  |
| **_____**      | )  |

**THIS MATTER** is before the court on petitioners' Motions to Hold Federal Habeas Proceedings in Abeyance (#3).

**Motion to Stay Proceedings**

Petitioners seek to stay these proceedings, contending that they have recently filed in the North Carolina Supreme Court a petition for *writ of certiorari* in which they assert the same legal contention asserted in these federal petitions. They contend that because these actions are subject to a one-year statute of limitations under Section 2244(d)(1), and because they are required to exhaust all their state remedies before bringing this action as required under Section 2254(b)(1)(A), they have filed this petition as a "protective petition" and request that it be held in abeyance. Motion, at 3. On July 1, 2010, the undersigned entered an Order providing the respondent, by and through the Attorney General of the State of North Carolina, an opportunity to

respond to the request for stay.

The court has now considered the request for stay as well as the respondents' response. It is apparent from the un-replied to response[1] that petitioners failed to raise the issues herein in a direct appeal of the state court sentences. According to the Attorney General, after the appeal period ran, petitioners filed motions for appropriate relief with the superior court. Such motions were summarily denied by the superior court, and appeal was taken to the North Carolina Court of Appeals, which afforded relief as to one count based on a defective indictment and remanded that count to state court for re-sentencing. Petitioners thereinafter filed a petition for writ of certiorari with the North Carolina Supreme Court seeking review of the adverse decision of the North Carolina Court of Appeals. The same day they filed such petition in the North Carolina Supreme Court, they filed their actions in this court.

The respondents point out that review by the North Carolina Supreme Court of the denial of a post-conviction motion for appropriate relief is not required to exhaust state court remedies in a non-capital offense; instead, the North Carolina Court of Appeals makes the final appellate decision as to such requests for relief. N.C.Gen.Stat. § 7A-28(a).

---

[1]     Local Civil Rule 7.1 provides the petitioner with an opportunity to reply. The court specifically allowed petitioners until August 10, 2010, to so reply. Petitioners are respectfully advised that the same Local Civil Rule requires them to notify the court if they do not intend to so reply.

The Attorney General states, however, that he has no objection to the stay of this action pending denial of the writ of certiorari by the North Carolina Supreme Court. While the undersigned hesitates to delay matters, the court will grant the stay in deference to the North Carolina Supreme Court even though the possibility is remote that it will take up the writ. See State v. Ellis, 361 N.C. 200 (2007). In granting such brief stay, the court in no way commits itself, by either agreeing or disagreeing, with petitioners' implicit argument, to wit, where petitioners failed to first raise the federal issue on direct appeal, and such issue is raised for the first time in state court on a motion for appropriate relief after the time for appeal has run, the one year period of limitation is revived and can then be tolled during exhaustion of state remedies as to that post-appeal motion. See Artuz v. Bennett, 531 U.S. 4 (2000).

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioners' Motions to Hold Federal *Habeas* Proceedings in Abeyance (#s 3) are **GRANTED** and this action is **STAYED** pending disposition by the North Carolina Supreme Court of petitioners' applications for *writs of certiorari*.

(1)     Pending resolution by the North Carolina Supreme Court, respondents are relieved from answering or otherwise responding to the petition. The stay shall dissolve upon the  petitioners' filing of the notice hereinafter

described.

(2)    Upon receipt of the final decision of the North Carolina Supreme Court, counsel for petitioners shall promptly file with this court a pleading captioned "Notice of Final Decision of the North Carolina Supreme Court and Notice of Automatic Dissolution of Stay." A copy of such decision shall be annexed to the notice as an exhibit.

(3)    Upon such filing, the respondents shall have 30 days within which to Answer or otherwise respond to the petitions.

Signed: August 20, 2010

Dennis L. Howell
United States Magistrate Judge